**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Petitioner and Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY LAWSON,<br><br>*Petitioner*,<br><br>vs.<br><br>TWILIO, INC.,<br><br>*Respondent*. | Case No. 3:24-MC-80129-PHK<br><br>**PETITIONER-MOVANT'S REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION IN COMPLIANCE WITH NON-PARTY SUBPOENA TO TWILIO, INC.** |

On May 24, 2024, Petitioner Anthony Lawson ("Petitioner") instituted this proceeding by filing the Motion to Enforce Subpoena and Compel Production of Documents and Deposition in Compliance with Non-Party Subpoena (the "Motion") to Twilio, Inc. ("Twilio"). On July 1, 2024, Twilio filed its Opposition to the Motion (the "Opposition" or "Opp."). This Reply brief follows:

## I. ARGUMENT

Twilio offers three primary arguments in opposition to the Motion: (1) the subpoena imposes "undue burden or expense" on Twilio and Petitioner should be forced to only obtain documents from VisionWorks; (2) the "Subpoena demands that Twilio produce the contents of electronic communications in violation of the" Stored Communications Act (SCA); and (3) the Subpoena is "overly broad" and seeks irrelevant information. As discussed below, none of these arguments support sustaining Twilio's objections.

In the alternative, Twilio argues this action should be stayed pending VisionWorks' production in the underlying case. But Twilio fails to support its request for a stay and such a stay would substantially prejudice Petitioner.

Finally, Twilio asks that this action be transferred to the Court presiding over the primary action. Plaintiff believes a transfer would be in appropriate as it would result in additional delay and would not substantially conserve judicial resources.

### i. Twilio fails to show the subpoena should be set aside as unduly burdensome.

Defendant's first argument has two parts: (1) the subpoena would impose an undue burden or expense on Twilio, and (2) the subpoena "seeks documents plainly obtainable from the parties." Opp. at 4–5. On the first point, Twilio has not even attempted to show, much less established, that responding to the subpoena would be

**REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

burdensome. The second point is irrelevant, as Petitioner is entitled to take confirmatory discovery from Twilio.

True enough, Rule 45 requires a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). But "[t]he burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).[1] Here, Twilio "offers no explanation as to why the [] Subpoena imposes an undue burden." *See Indraneel Roy v. X1 Inc.*, No. 23-cv-03027-EMC (TSH), 2024 U.S. Dist. LEXIS 111876, at *11 (N.D. Cal. June 25, 2024); Opp. at 4–6. Twilio has therefore "not satisfied [its] burden to show that responding to the discovery requests poses an undue burden. [It has] not submitted affidavits or other evidence to support [its] undue burden argument, nor [has it] submitted summaries or other information . . . to establish that the requested ESI would be duplicative or unreasonably cumulative." *See Amazing Ins., Inc. v. Dimanno*, No. 2:19-cv-01349-TLN-CKD, 2020 U.S. Dist. LEXIS 165946, at *9–*10 (E.D. Cal. Sept. 10, 2020).[2]

---

[1] "The Ninth Circuit has emphasized that a third party subpoena can be quashed or modified on the grounds that it is overly burdensome only if the third party shows an undue burden with 'specific examples or articulated reasoning.'" *Fallon v. Locke, Liddell & Sapp, LLP*, No. 5:04-cv-3210 RMW (RS), 2005 U.S. Dist. LEXIS 46987, at *12 (N.D. Cal. Aug. 4, 2005) (quoting *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

[2] Even if Twilio had shown a burden would be imposed by having to produce documents in response to the subpoena, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13CV1395-GPC BLM, 2014 U.S. Dist. LEXIS 98044, at *8 (S.D. Cal. July 18, 2014). Petitioner respectfully submits the information sought is crucially important to the claims and defenses at issue in the underlying case, that VisionWorks has largely withheld the documents sought, and Petitioner therefore has a substantial need for production sought from Twilio.

---

3

**REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

Twilio has failed to show responding to the Subpoena would be unduly burdensome for a simple reason—it wouldn't be. Petitioner seeks routine documents Twilio provided to or received from its customer, VisionWorks, and call logs from Twilio's platform, all of which are relevant to either class certification issues or the merits (or both) of the underlying TCPA litigation. Twilio does not deny that it maintains the information sought (with few exceptions), nor that it could easily gather and produce the discovery sought by simply exporting data that it maintains. There is no burden imposed by the subpoena, much less an "undue burden" that would justify sustaining Twilio's objections.

More to the point, this discovery is necessary to ensure Petitioner obtains "complete and accurate information" and setting aside the subpoena simply because VisionWorks also has some of the information requested would result in Petitioner being improperly "hamstrung to rely solely on Defendant['s] discovery and production." *See Xfinity Mobile v. Globalgurutuch LLC*, No. CV-22-01950-PHX-SMB, 2023 U.S. Dist. LEXIS 184279, at \*7–\*8 (D. Ariz. Oct. 13, 2023); *Insubuy, Inc. v. Cmty. Ins. Agency, Inc.*, No. 11-mc-0008-PHX-FJM, 2011 U.S. Dist. LEXIS 30388, at \*8 (D. Ariz. Mar. 8, 2011) ("The production of this information by third parties Go Daddy and Domains by Proxy, rather than by defendant, ensures completeness and accuracy at a minimal cost."). Thus, the mere fact that Petitioner is seeking some of the same information and documents sought by the Subpoena from VisionWorks does not justify denying Petitioner's Motion here.

Petitioner's need for the discovery sought here is magnified by the fact that the defendant in the underlying suit, VisionWorks, has frustrated discovery at every turn, filed *three* motions to stay discovery, and repeatedly tried and failed to overturn Magistrate Judge Kidd's Order compelling a production. *See, e.g.*, *Lawson v. Visionworks*, No. 6:23cv1566, Dkt. Nos. 29, 41, 42, 45 (M.D. Fla.). And when VisionWorks finally made a supplemental production of documents it had been compelled to produce,

VisionWorks's production was entirely deficient and will almost certainly be the subject of a forthcoming motion to enforce the discovery order.[3]

### ii. The SCA permits the production of text message metadata, as well as messages involving Petitioner, sought by the Subpoena.

Turning to Twilio's SCA argument, Petitioner does not dispute the SCA prohibits an electronic communication service provider from disclosing "the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(A)(1). However, numerous courts have permitted discovery seeking metadata surrounding an electronic communication. *Chevron Corp. v. Donziger*, No. 12-mc-80237, 2013 U.S. Dist. LEXIS 119622, at *18–*21 (N.D. Cal. Aug. 22, 2013) (finding that, though the SCA prohibited a service provider from providing the content of a subscriber's emails, the SCA permitted discovery of a provider's records of associated email metadata); *see also Haw. Reg'l Council of Carpenters v. Yoshimura*, No. 16-00198 ACK-KSC, 2017 U.S. Dist. LEXIS 22733, at *7–*10 (D. Haw. Feb. 17, 2017) (finding that portion of subpoena seeking text message metadata did not violate SCA); *Sys. Prods. and Solutions, Inc. v. Scramlin*, No. 13-cv-14947, 2014 U.S. Dist. LEXIS 109389, *24 (E.D. Mich. Aug. 8, 2014) ("Metadata associated with electronic communications, however, are not considered to be content protected by the SCA.").

Accordingly, Petitioner agrees to limit the subpoena requests—seeking, *inter alia*, all text messages sent to or from Twilio on behalf of Defendant and documents identifying all recipients of text messages transmitted by Twilio on behalf of Defendant including "transmission reports or logs" —to seek all text message information and metadata associated with such messages, reports, and logs except for the contents of

---

[3] To be sure, Petitioner's counsel is in the process of conferring with VisionWorks regarding the insufficient discovery. But if the history of the VisionWorks case is a guide, motion practice is highly likely. *See Lawson*, No. 6:23cv1566, Dkt. Nos. 27, 41, 44 (M.D. Fla.)

5

**REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

the communications.[4] *See, e.g.*, *Yoshimura*, 2017 U.S. Dist. LEXIS 22733, at *10 (sustaining in part objections to subpoena and directing requests be amended to comply with the court's ruling); Fed. R. Civ. P. 45(d)(3) (permitting court to "modify a subpoena that requires disclosure of . . . protected matter").

Furthermore, the SCA does not preclude Petitioner from obtaining messages sent to or from himself. *See* Request Nos. 3, 7–8. The first SCA exception states: "A provider described in subsection (a) may divulge the contents of a communication . . . to *an addressee or intended recipient* of such communication or an agent of such addressee or intended recipient." 18 U.S.C. § 2702(b)(1). Accordingly, the SCA has no bearing on the subpoena requests seeking messages to and from Petitioner, including Request Nos. 3, 7, 8.[5]

Finally, Twilio suggests the SCA prohibits it from producing documents in response to Requests that plainly do not seek electronic communications covered by the SCA. Specifically, Twilio cites Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, and 18 as being purportedly covered by the SCA. Numerous of these Requests are simply not implicated by the SCA:

**No. 3**: All documents and communications relating to Plaintiff or telephone number (443) 759-1613.

**No. 6**: All documents regarding Defendant's promotions involving text messages.

**No. 13**: All do-not-call lists (including internal do-not-call lists) concerning Defendant.

**No. 18**: All documents *and* communications regarding the creation, content and/or transmission of text messages on behalf of Defendant.

---

[4] Petitioner agrees to limit his subpoena requests without waiving his right to request the contents of the communications at a future time if needed.

[5] Likewise, the SCA has no bearing on Request No. 14, insofar as it seeks communications to and from Twilio, who is an "addressee or intended recipient." *See* 18 U.S.C. § 2702(b)(1).

6

**REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

*E.g.*, ECF No. 1-4. Thus, Twilio's SCA argument has no bearing on these Requests.

### iii. The Subpoena requests are not overbroad or irrelevant.

Twilio's "overbroad" and "irrelevant" arguments are also without merit. The Requests at issue seek class member and call data, as well as correspondence between Twilio and Defendant. Twilio's arguments, however, have been consistently overruled by courts in similar TCPA class actions. Call logs, outbound dial lists, and the sorts of class data requested by Petitioner are discoverable at this stage of the litigation because they are relevant to the issues of class certification, especially in the TCPA context.

Indeed, many California District Courts (including in this District) have concluded that "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Doherty v. Comenity Capital Bank,* No. 16cv1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, at 9-10 (S.D. Cal. May 9, 2017); *see also Stemple v. QC Holdings, Inc.,* No. 12-CV-1997-CAB WVG, 2013 U.S. Dist. LEXIS 99582, 2013 WL 10870906, at *2 (S.D. Cal. June 17, 2013) (outbound dial lists "will provide Plaintiff a means to ascertain which of the numbers dialed within the statutory term are cellular telephone numbers called by an autodialer"); *Cahill v. GC Servs., Ltd. P'ship*, No. 3:17-cv-01308-GPC-MDD, 2018 U.S. Dist. LEXIS 63918, at *13-14 (S.D. Cal. Apr. 16, 2018)("RFPs 10-13 and 18 are relevant at least to the issues of numerosity and commonality. The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable."); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *13-14 (E.D. Cal. May 26, 2017)("the Court agrees with the weight of authority on this matter that call logs and dialing lists are "relevant to [the] commonality" prong of the class certification inquiry…The requested list would also be relevant to Plaintiff's need to show numerosity."); *McMillion v. Rash Curtis* (N.D. Ca. April 21, 2017)("Although courts sometimes refuse to allow discovery of putative class

members' identities at the pre-certification stage, a purported 'class list' is still discoverable if it bears relevance to issues of class certification.").

Moreover, District courts have often noted, when considering objections to production of call logs, that many defendants regularly produce call logs and outbound dial lists. *See, e.g., Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 U.S. Dist. LEXIS 11091, 2014 WL 325132, at *2-3 (N.D. Cal. Jan. 29, 2014); *accord Ossola v. American Express Company*, 2015 U.S. Dist. LEXIS 117531, 2015 WL 5158712, at *7 (N.D. Ill. E.D. 2015) ("Call data is relevant, and thus produced as standard practice...").

Twilio's argument that many of the Requests will require disclosure of text messages that were not sent to the putative class is also without merit. As a general rule, because the concept of relevancy is broader in the discovery context than in the trial context, a party is able to discover relevant evidence that would be inadmissible at trial, as long as it may lead to the discovery of admissible evidence. *See Romano v. AT&T Mobility Servs., LLC,* No. 320CV00698JLSKSC, 2020 WL 6561434, at *2 (S.D. Cal. Nov. 9, 2020) (citing *Gusman v. Comcast Corp.,* 298 F.R.D. 592, 595 (S.D. Cal. 2014)); (*see also, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Put simply, without the production of all inbound and outbound text message logs transmitted to or on Defendant's behalf, Petitioner will be prejudiced in its ability to prosecute the underlying TCPA case. Not every text message will involve a member of the putative class, but from this raw data, Petitioner's expert will be able to identify (1) those telephone numbers which were registered on the National Do Not Call Registry; (2) which of those numbers received text messages from Defendant despite their registrations; (3) which of those telephone numbers relayed their requests to Defendant to cease from further messaging; and (4) which of those numbers still received text messages, despite their request not to receive further messages. This is the essential

**REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

evidence Petitioner requires to meet his burden in moving for class certification under Fed. R. Civ. P. 23.

In this section of Twilio's opposition, too, it argues without explanation or substantially any support that the Subpoena evinces "a fishing expedition that exerts undue burden on Twilio." Opp. at 8–9. Such unsubstantiated arguments can be rejected out of hand.[6]

For these reasons above, Twilio's "overbroad" and "irrelevant" arguments should be denied.

### iv. Twilio has not established good cause to stay this proceeding.

In the alternative, Twilio argues this matter should be stayed "until Visionworks produces documents in the primary action." Opp. at 9–10. Twilio admits that, "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Opp. at 9 (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). But Twilio has done no such thing. Again, Twilio has offered no explanation or proof that responding to the subpoena would impose a burden, much less an undue burden. *See generally* Opp. And the argument that the need for the production sought would vanish once VisionWorks makes a supplemental production is simply incorrect. "The production of this information by third part[y Twilio], rather than by defendant, ensures

---

[6] Twilio's complaint that Petitioner improperly seeks documents that are "publicly available" belies its arguments that the Subpoena seeks to impose an undue burden. Indeed, all Twilio will have to do to comply with the Subpoena is Bates stamp and produce the documents it vaguely points to in its brief. To be sure, the documents are Twilio's and Petitioner has no way of knowing with certainty whether the documents posted on Twilio's website have been modified during the class period and/or which documents apply to the services Twilio provided VisionWorks. Requiring Twilio provide a substantive answer and document production will ensure complete and accurate discovery with an appropriate evidentiary trail that will obviate authentication (and chain-of-custody) issues when the documents are used in the VisionWorks litigation.

**REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENA**

completeness and accuracy at a minimal cost." *See Insubuy*, 2011 U.S. Dist. LEXIS 30388, at *8. Twilio has not established entitlement to a stay.

### v.  **This Matter Should be Decided by this Court.**

Last, Twilio asks that this action be transferred to the Middle District of Florida to be decided by the Court presiding over the underlying litigation. Opp. at 10–12. Petitioner believes the Northern District of California San Francisco division is the proper venue for this matter to be decided because: 1) Respondent is headquartered within this judicial district; 2) this matter has now been fully briefed before this Court; and 3) transferring this matter would unduly delay the resolution of this matter and waste judicial resources. Notwithstanding Petitioner's objection, if this Court is not inclined to grant Petitioner's Motion, then Petitioner does not oppose a transfer of this matter to the Middle District of Florida.

## II.  CONCLUSION

For the foregoing reasons, Petitioner's Motion to Enforce should be granted in its entirety and the Court should award Petitioner a reasonable sum for the fees and costs he incurred to obtain Twilio's compliance via this proceeding.

Dated: August 16, 2024.

                                        Respectfully submitted,

                    By: */s/ Scott Edelsberg*

                    **EDELSBERG LAW, P.A.**
                    Scott Edelsberg, Esq. (CA Bar No. 330990)
                    1925 Century Park E #1700
                    Los Angeles, CA 90067
                    Telephone: 305-975-3320
                    scott@edelsberglaw.com

                    *Counsel for Petitioner and the Proposed Class*